# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50030
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO RAMIREZ-ARRIAGA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-383-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lorenzo Ramirez-Arriaga appeals the 41-month, within-guidelines sentence he received following his guilty plea to illegal reentry. Ramirez-Arriaga argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range was too severe because the district court failed to consider his benign reasons for returning and his mother's serious illness.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50030

Additionally, Ramirez-Arriaga asserts that his sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically based, given that a defendant's criminal history receives such heavy weight in the calculations.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  As he concedes, Ramirez-Arriaga's empirical data argument is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).   Furthermore, Ramirez-Arriaga's sentence, which is at the bottom of the applicable guidelines range, is presumed reasonable. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).  His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d at 554, 565-66 (5th Cir. 2008).

Ramirez-Arriaga has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentence of 41 months in prison. *See Gall*, 552 U.S. at 51.  Consequently, the judgment of the district court is AFFIRMED.